**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARIA A. HERNANDEZ**                                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 15-6066**

**CENTRAL ROCK CORPORATION, ET AL.**                                **SECTION "B"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is Maria Hernandez's (hereinafter "Hernandez" or "Plaintiff") motion to remand the above-captioned matter back to Civil District Court for the Parish of Orleans. (Rec. Doc. No. 8). Defendant, Lippmann-Milwaukee, Inc. ("Lippmann"), removed the action to federal court on November 18, 2015 and has now filed a memorandum in opposition to the motion to remand. (Rec. Doc. No. 9). For the reasons outlined below,

**IT IS ORDERED** that the Motion is **GRANTED**.

I.   <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This case arises out of a horrific incident in which the Plaintiff's son, Milton Hernandez, was working at a concrete crushing operation when he was pulled into a concrete crushing machine and killed. Plaintiff, a Louisiana citizen, filed suit in Civil District Court in Orleans Parish on numerous Louisiana tort law grounds, including, but not limited to, negligence, products liability, and wrongful death. (Rec. Doc. No. 1-2 at 3-6). Hernandez's Supplemental and Amending Petition named five defendants: Central Rock Corporation ("Central Rock"), a Louisiana

corporation; Scott Materials, Inc. ("Scott Materials"), a Louisiana corporation; Lippmann, a Wisconsin corporation; Superior Industries, Inc. ("Superior"), a Minnesota corporation; and McCourt & Sons Equipment, Inc. ("McCourt"), a Texas corporation. On November 18, 2015, Lippmann filed a Notice of Removal, alleging that this Court's diversity jurisdiction supports removal because the only Louisiana defendants, Central Rock and Scott Materials, were improperly joined. (Rec. Doc. No. 1 at 5). Thereafter, Plaintiff filed the instant motion to remand, contending that the following facts (laid out in the original and amended petitions) support the joinder of both Central Rock and Scott Materials.

Milton Hernandez worked as a laborer for South East Personnel Leasing, Inc. ("South East"). (Rec. Doc. No. 1-4 at 2). South East provided professional employer services to Southwinds Express Construction, LLC ("Southwinds"). (Rec. Doc. No. 1-4 at 2). At the time of the accident, Milton Hernandez was working for Southwinds and/or South East at a concrete crushing operation located in Scott, Louisiana. (Rec. Doc. No. 1-4 at 2). The concrete crushing operation was allegedly operated by Central Rock and/or Scott Materials, and Scott Materials allegedly owned or leased the property on which the crushing occurred. (Rec. Doc. No. 1-4 at 2-3). The ambiguity in the petition over which entities own and control each aspect of the business seems to arise from the fact that a number of the business entities are closely related to

others. Michael Flahrety seemingly runs much of the business through a number of different LLCs, each of which he owns to some extent. In his affidavit supporting Lippmann's opposition, Flahrety reveals that he is a director of Scott Materials, that he is the president and director of Central Rock (which has no employees other than Flahrety), and that he owns some unspecified stake in Southwinds. (Rec. Doc. No. 9-1 at 1).

The crushing operation consisted of a crushing plant that used concrete crushing units and a conveyor system. (Rec. Doc. No. 1-4 at 3). The crushing units and the conveyor systems were allegedly manufactured by Lippmann and/or Superior before being sold to McCourt. (Rec. Doc. No. 1-4 at 3). Apparently McCourt then sold the machinery to Scott Materials and/or Central Rock. (Rec. Doc. No. 1-4 at 3). On October 28, 2014, Milton Hernandez was working to remove debris from a jammed conveyor when another employee mistakenly "energized" the machine. (Rec. Doc. No. 1-4 at 3). As a result, Milton Hernandez was pulled into the concrete crushing unit where he was crushed to death. (Rec. Doc. No. 1-4 at 3).

## II. THE PARTIES' CONTENTIONS

Plaintiff contends that the burden for showing improper joinder is on the removing party (in this case, Lippmann) to prove that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state

defendant in state court." (Rec. Doc. No. 8-1 at 2) (quoting *Green v. Amareda Hess Corp.*, 707 F. 2d 201, 205 (5th Cir. 1983)). She maintains that her original and supplemental petition "clearly and succinctly set forth claims against Central Rock and Scott Materials," creating a "reasonable connection between the incident at issue and the non-diverse Defendants." (Rec. Doc. No. 8-1 at 3). Further, Plaintiff cites to records compiled by the Occupational Safety and Health Administration ("OSHA") during its investigation of the incident. Particularly, Plaintiff points to the fact that OSHA cited both Central Rock and Scott Materials for violations as a result of the incident. (Rec. Doc. No. 8-1 at 4-6). She also cites to a number of other records obtained through discovery which allegedly support remand, including leases, permits, witness statements, and insurance policies. (Rec. Doc. No. 8-1 at 6-7). Hernandez contends that Lippmann's removal of this action is a waste of this Court's time and resources, bordering on a violation of Rule 11 of the Federal Rules of Civil Procedure. (Rec. Doc. No. 8-1 at 1).

Lippmann maintains that the "pertinent inquiry is whether 'there is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant.'" (Rec. Doc. No. 9 at 6) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Further, Lippmann contends that the Court should "pierce the pleadings" and

consider "summary-judgment type evidence" in making this inquiry. (Rec. Doc. No. 9 at 8-9). Relying on the affidavit of Michael Flaherty, Lippmann contends that there is no reasonable basis to believe that Plaintiff will be able to recover against Central Rock or Scott Materials because neither entity "owned, operated, or maintained any of the rock crushing equipment and never had any employees involved in the rock crushing operations." (Rec. Doc. No. 9 at 6-7). Moreover, Lippmann asserts that Plaintiff has failed to counter that evidence because the OSHA records are inadmissible hearsay and should not be considered by the Court. (Rec. Doc. No. 9 at 9-10). For those reasons, Lippmann maintains that joinder was improper and urges the Court to deny the motion to remand.

### III. LAW AND ANALYSIS

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441. Here, Lippmann removed the action on the basis of diversity jurisdiction. Lippmann claims that complete diversity exists because the Plaintiff is a Louisiana citizen and the only defendants residing in Louisiana, Central Rock and Scott Materials, were improperly joined.

The United States Court of Appeals for the Fifth Circuit has recognized "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of

the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (internal quotation marks and citation omitted). It is the latter of the two at issue here; in particular, whether Hernandez has established a cause of action against Central Rock and Scott Materials. The burden rests with the removing party, Lippmann, to show by clear and convincing evidence "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (quoting *Smallwood*, 385 F.3d at 573). To evaluate Plaintiff's chances of recovery against Central Rock and Scott Materials, this Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F. 3d at 573.

When evaluating the sufficiency of the complaint in this context, courts "must apply the applicable state-law pleading standard." *Masonry Solutions Int'l, Inc. v. DWG & Associates, Inc.*,

2015 WL 6696790, No. 15-2450, at *3 (E.D. La. Nov. 2, 2015) (citing *Int'l Energy Ventures*, 800 F.3d at 149). Under Louisiana law, the "pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Scheffler v. Adams and Reese, LLP*, 950 So. 2d 641, 647 (La. 2007). "[M]ere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action." *Id*. at 646-47.

Here, Hernandez's petition clearly states valid causes of action against both Central Rock and Scott Materials. Hernandez alleges that Central Rock and/or Scott Materials operated the concrete crushing operation where her son worked. (Rec. Doc. No. 1-4 at 3). Further, she claims that the concrete crushing unit and the conveyor were owned by Scott Materials and/or Central Rock and/or Southwinds. (Rec. Doc. No. 1-4 at 3). She also contends that Scott Materials and/or Central Rock owned or leased the land, buildings, and appurtenances making up the crushing plant. (Rec. Doc. No. 1-4 at 3). Based on their ownership and/or control, Plaintiff asserts that their negligence led to the death of her son.

More specifically, she alleges that Central Rock and/or Scott Materials owed a duty to Milton Hernandez to: "keep the Plant in good working condition, free of defects and fit for its intended purpose; maintain proper Lockout/Tagout procedures for the Plant,

such that the equipment could be energized safely; and maintain proper guards around the Plant." (Rec. Doc. No. 1-4 at 5). Hernandez then alleges that Central Rock and/or Scott Materials breached those duties, leading to the death of Milton Hernandez. Plaintiff's petition provides facts that support each element of negligence under Louisiana law, including duty, breach, causation, and damages. *Long v. State ex rel. Dept. of Transp. And Dev.*, 916 So. 2d 87, 101 (La. 2005). ((Rec. Doc. No. 1-4 at 5). Taking all of Plaintiff's allegations as true, she has established a reasonable basis for this Court to believe that she may be able to recover on her negligence claim. Thus, under the Rule 12(b)(6)-type standard, joinder does not appear improper.

While such a conclusion is ordinarily sufficient for a district court to remand the case to state court, Lippmann maintains that this Court should take the further step of piercing the pleadings and conducting a summary-judgment-type inquiry. In cases where the plaintiff has adequately stated a claim but "misstated or omitted discrete facts" relevant to the joinder inquiry, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood,* 385 F. 3d at 573. If a district court chooses to conduct such an analysis, it should avoid "moving beyond jurisdiction and into a resolution of the merits." *Id*.

In opposition to the motion to remand, Lippmann contends that Hernandez has misstated facts regarding Central Rock and Scott Materials' ownership and control of the concrete crushing operation. (Rec. Doc. No. 9 at 6-7). Accordingly, Lippmann maintains that the Court should consider summary judgment type evidence and relies on the affidavit of Michael Flahrety to support its fraudulent joinder claim. (Rec. Doc. No. 9 at 7). Flahrety's affidavit maintains that neither Scott Materials nor Central Rock "had any involvement with: (a) supervision of the workers at the site; (b) safety programs and training of workers at the site; (c) financing of rock crushing operations and profit therefrom; [or] (d) reporting the death of Hernandez." (Rec. Doc. No. 9-1 at 2). Moreover, Flaherty claims that neither Central Rock nor Scott Materials were involved with the rock crushing operations on the property in question. (Rec. Doc. No. 1-3 at 10-12). Lippmann claims that this evidence sufficiently supports the improper joinder claim because Hernandez has not provided any admissible evidence to counter it.

However, Plaintiff's motion to remand points to a commercial general liability policy insuring Scott Materials for "stone crushing operation[s]" occurring at the same property where Milton Hernandez was killed in Scott, Louisiana. (Rec. Doc. Nos. 8-1 at

6; 8-11).[1]  Based upon these conflicting pieces of evidence, this Court must conclude that it is a disputed fact whether either company had control of or engaged in the rock crushing operation. Accordingly, Lippmann has not carried its burden of demonstrating that there is no possibility of recovery by plaintiff against the in-state defendants, meaning joinder of the in-state defendants was not improper and complete diversity does not exist.

**IV. CONCLUSION**

In light of the foregoing,

**IT IS ORDERED** that the motion is **GRANTED**. This Court concludes that there is a reasonable basis to predict that the plaintiff might be able to recover against the in-state defendants. As such, Lippmann, the removing party, has failed to satisfy the heavy burden of proving improper joinder. Consequently, the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 15th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] While liability insurance is not admissible to prove negligence or other wrongful conduct, it is admissible to prove agency, ownership, or control. FED. R. EVID. 411.